IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID G. LUSICK,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-05-1274** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **Dr. ARMITT KULLAR, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

# M E M O R A N D U M

## I.    BACKGROUND

Plaintiff, David G. Lusick, an inmate at the Smithfield State Correctional Institution ("SCI-Smithfield") at Huntingdon, Pennsylvania, commenced this action with a civil rights complaint (Doc. 1) filed pursuant to the provisions of 42 U.S.C. §1983. Plaintiff alleges that he received improper dental treatment while incarcerated at SCI-Smithfield. For relief, Plaintiff seeks compensatory and punitive damages. Subsequently, Plaintiff filed an amended complaint (Doc. 23), in which he reiterates the original claim, and he adds a claim challenging his trial and conviction which took place in 1994. He alleges that the prosecutors withheld exculpatory evidence in violation of his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. For the reasons that follow, and because Plaintiff's claims in his amended complaint do not satisfy the requirements for permissive joinder pursuant to Federal Rule of Civil Procedure 20(a), he will be given the opportunity to file a second amended complaint which must comport with the requirements of Rule 20. Failure to do so will result in the dismissal of all of Plaintiff's claims with the exception of the first count related to improper dental care at SCI-Smithfield.

## II.   **Discussion**

Plaintiff's amended complaint joins two unrelated claims against two unrelated defendant groups.  Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties, states, in pertinent part:

> (a) Permissive Joinder.  All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a).  The claims in the amended complaint do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and do not have a question or law or fact common to all defendants.

Rule 20 is a flexible rule that allows for fairness and judicial economy.  Rule 20(a) permits joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact. The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.  7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986).  "Instead of developing one generalized test for ascertaining whether or not a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts . . . have adopted a case by case approach." *Id.* at § 1653 at 382.  When the district court decides pre-trial issues, as whether the particular facts warrant joinder, its decision is subject to review only for abuse of discretion. *Mizwicki v. Helwig*, 196 F.3d 828, 833 (7th Cir. 1999).

2

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966), the Supreme Court held that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." Consistent with this policy, the transaction and common question requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002). The Ninth Circuit Court of Appeals has noted that the policy of liberal application of Rule 20 is not a license to join any and all claims and defendants in one lawsuit:

> Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action.

*Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

Plaintiff's disparate claims share neither common legal issues nor common facts, and accordingly they are inappropriate for joinder under Rule 20. A careful reading of Plaintiff's allegations shows that the only common thread they all share is that they allegedly occurred within the Commonwealth of Pennsylvania; the Defendants and the alleged actions are entirely unrelated, and they do not satisfy the elements of joinder.

There also exists another important reason for requiring compliance with Rule 20. The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), substantially changed the judicial treatment of civil rights actions by state and federal prisoners. One major change was that pursuant to the PLRA, the full filing fee ultimately must be paid, at least in a non-habeas action. In being permitted to combine in

one complaint two separate, independent claims, Plaintiff is able to circumvent the filing fee requirements of the PLRA.

Based on the foregoing, and in the interests of justice to this *pro se* litigant, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff will be granted twenty (20) days within which to submit an amended complaint which satisfies Rule 20.  Plaintiff is advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint, without reference to the complaint already filed."  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Additionally, it must establish the existence of actions by Defendants which have resulted in constitutional deprivations, *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000), and the claims should raise common questions of law or fact, and the claims shall be based upon a common set of operative facts.  Fed. R. Civ. P. 20(a).  Failure to file an appropriate amended complaint will result in the dismissal of all but the first claim contained in the first amended complaint (alleging inadequate medical care) and the Court will proceed thereon. An appropriate Order follows.

Dated: September 2, 2005            /s/ A. Richard Caputo
                                    A. RICHARD CAPUTO
                                    United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID G. LUSICK,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-05-1274** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **Dr. ARMITT KULLAR, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

# O R D E R

**AND NOW, THEREFORE, THIS 2nd DAY OF SEPTEMBER, 2005,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Within twenty (20) days from the date of this Order, Plaintiff may file a second amended complaint in accordance with Federal Rule of Civil Procedure 20(a).

2. Failure to submit a second amended complaint in accordance with the attached Memorandum will result in the dismissal of all but the first count contained in Plaintiff's first amended complaint, related to inadequate dental care at SCI-Smithfield.

/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge