IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID G. LUSICK, | : |
| | : |
| Plaintiff, | : CIVIL NO. 3:CV-05-1274 |
| | : |
| v. | : (Judge Caputo) |
| | : |
| Dr. ARMITT KULLAR, et al., | : |
| | : |
| Defendants. | : |

## M E M O R A N D U M

### I.   Introduction

Plaintiff, David G. Lusick, an inmate at the Smithfield State Correctional Institution ("SCI-Smithfield") at Huntingdon, Pennsylvania, commenced this action with a *pro se* civil rights complaint (Doc. 1) filed pursuant to the provisions of 42 U.S.C. §1983.  Plaintiff alleges that he received improper dental treatment while incarcerated at SCI-Smithfield, and he seeks compensatory and punitive damages.  Subsequently, Plaintiff filed an amended complaint (Doc. 23), in which he reiterates the original claim, and he adds a claim challenging his trial and conviction which took place in 1994.  He alleges that the prosecutors withheld exculpatory evidence in violation of his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution.

Upon review of the first amended complaint, the Court concluded that Plaintiff's claims failed to satisfy the requirements for permissive joinder pursuant to Federal Rule of Civil Procedure 20(a), and by Order dated September 2, 2005 (Doc. 25) Plaintiff was directed to file a second amended complaint complying with the Federal Rules of Civil Procedure.  Plaintiff was specifically advised that his amended pleading should raise claims arising from "a common set of operative facts" (Doc. 25 at 4), and he was forewarned that

failure to file an amended complaint that complies with the Federal Rules of Civil Procedure would "result in the dismissal of all but the first count contained in Plaintiff's first amended complaint, related to inadequate dental care at SCI-Smithfield."  (*Id*. at 5.)

Although Plaintiff has filed an amended complaint titled "third amended complaint" (Doc. 79), which has been accepted by the Court as timely filed, the document raises two claims that do not arise out of the same operative facts.  The first claim relates to alleged insufficient dental care arising from treatment by the prison dentist, Amritt Kullar, from 2000-2001 (*see* Doc. 79 at 2-3), and the second claim relates to alleged improper medical care for an injury to Plaintiff's knee occurring on December 7, 2001 (*see Id*. at 3, ¶ 6).  While both claims relate to allegations of insufficient medical attention, they arise from independent series of events, and the only common thread between the incidents is the fact that they both took place at SCI-Smithfield.  Accordingly, since Plaintiff's third amended complaint (Doc. 79) does not comply with the requirements of Fed. R. Civ. P. 20, the case will proceed on Plaintiff's claim of inadequate dental care at SCI-Smithfield, as set forth in Count I of his first and third amended complaints.

Currently pending is Defendants' motion to dismiss Plaintiff's Third amended complaint, alleging that: (1) the claims against the supervisory personnel should be dismissed for lack of personal involvement; (2) the claims against Dr. Kullar are time-barred; (3) Plaintiff has not pled a viable Eighth Amendment claim of deliberate indifference to his serious medical needs; and (4) the Court should invoke the doctrine of abstention in favor of a prior state court action on this claim.  Also pending is Plaintiff's motion to depose witnesses on his unrelated claim of prosecutorial misconduct (Doc. 53), Plaintiff's motion to compel discovery (Doc. 63), and Plaintiff's motion for preliminary injunction (Doc. 67).  For

the reasons that follow, Defendants' motion to dismiss will be granted and Plaintiff's motions will be denied as moot.

## II.   Discussion

### A.  Motion to Dismiss Standard

In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true.  *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).  In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that when considering a motion to dismiss, based on a Rule 12(b)(6) argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief.  *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004).  The Court should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents.  *See Angstadt v. Midd-West School Dist.*, 377 F.3d 338, 342 (3d Cir. 2004); *Pension Guar. Corp. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court is mindful that *pro se* complaints are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend.  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### B.  Abstention

Defendants argue that this Court should invoke the abstention doctrine established

in *Younger v. Harris*, 401 U.S. 37 (1971), since Plaintiff has a state court action currently pending in which he raises the issues set forth in this case.  The Court agrees.  Here, Plaintiff claims that Defendants are deliberately indifferent to his serious medical needs, and he claims that Defendants were put on notice of his dental problems no later than 2002, when he commenced a state court action in the Huntingdon County, Pennsylvania, Court of Common Pleas, Civil Action # 02-666 ("02-666").  (*See* Doc. 50-2 at 3.)  In Plaintiff's 230-paragraph, 35-count amended complaint for 02-666 (*see Id*. at 4), he raises a litany of claims, including but not limited to a § 1983 claim for improper dental treatment at SCI-Smithfield.  (*Id*. at 6.)

The United States Court of Appeals for the Third Circuit has held that a federal court should invoke the abstention doctrine when three factors are present: (1) Plaintiff is a party in an ongoing state court proceeding with which the federal proceeding would interfere; (2) the state court proceeding implicates an important state interest; and (3) the state court proceeding affords an adequate opportunity to raise the constitutional issues.  *Taliaferro v. Darby Twp. Zoning* Bd., – F.3d –, 2006 WL 2294839 *15 (3d Cir. August 10, 2006) ( *citing Younger v. Harris*, 401 U.S. 37 (1971)).  It is undisputed that Plaintiff filed a state court action in 2002, raising the issue set forth herein, and that action is still pending.[1]  Moreover, any decision in this case would necessarily involve a review of the state court treatment of the same issue.  Further, it is clear that the state court action involves various claims of negligence, deliberate indifference, and constitutional violations against various officials of

---

[1] Although Plaintiff's state court action is pending in the Pennsylvania Supreme Court, Defendants correctly note that the *Rooker-Feldman* doctrine may defeat this Court's jurisdiction with a final resolution of the state court claim.  *See Taliaferro v. Darby Twp. Zoning* Bd., – F.3d –, 2006 WL 2294839 *15 (3d Cir. August 10, 2006)

the Pennsylvania Department of Corrections.  Remedy of these violations, if established, certainly implicates an important state interest.  Finally, Plaintiff was not only afforded an adequate opportunity to raise his federal claims in 02-666, he did in fact raise the § 1983 claim set forth in the instant complaint.  Thus, the Court concludes that the necessary factors to invoke the *Younger* abstention doctrine are present, and Defendants' motion to dismiss this action will be granted.² An appropriate Order follows.


Dated: September 5, 2006              /s/ A. Richard Caputo
                                                                  A. RICHARD CAPUTO
                                                                  United States District Judge

---

²In light of the Court's disposition of the pending motion, Defendants' remaining issues will not be addressed.  However, the Court notes that Defendants correctly argue that (1) "a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondent superior," *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988); (2) the instant claim is time-barred by the applicable two-year statute of limitations, *Kingvision Pay-Per-View, Corp., Ltd. v. 898 Belmont, Inc.*, 366 F.3d 217, 220 (3d Cir. 2004); and (3) Plaintiff has failed to allege the requisite elements of an Eighth Amendment deliberate indifference claim, *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID G. LUSICK,** : | |
| : | |
| **Plaintiff,** : | **CIVIL NO. 3:CV-05-1274** |
| : | |
| v. : | **(Judge Caputo)** |
| : | |
| **Dr. ARMITT KULLAR, et al.,** : | |
| : | |
| **Defendants.** : | |

# O R D E R

**AND NOW, THIS 5th DAY OF SEPTEMBER, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss Plaintiff's third amended complaint (Doc. 48) is **GRANTED**.

2. Plaintiff's motion for leave to depose witnesses (Doc. 53), Plaintiff's motion to compel discovery (Doc. 63), and Plaintiff's motion for preliminary injunction (Doc. 67) are **DENIED** as moot.

3. The Clerk of Court is directed to close this case.

4. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

        /s/ A. Richard Caputo
        A. RICHARD CAPUTO
        United States District Judge