IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID G. LUSICK,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-05-1274** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **Dr. ARMITT KULLAR, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## M E M O R A N D U M

### I.   Background

Plaintiff, David G. Lusick, an inmate at the Smithfield State Correctional Institution ("SCI-Smithfield") at Huntingdon, Pennsylvania, commenced this action by filing a *pro se* Complaint (Doc. 1) pursuant to the provisions of 42 U.S.C. §1983.  Plaintiff alleged that he received improper dental treatment while incarcerated at SCI-Smithfield, and he sought compensatory and punitive damages.  Subsequently, Plaintiff filed a First Amended Complaint (Doc. 23), in which he reiterated the original claim, and he added a claim challenging his trial and conviction which took place in 1994.  He alleged that at his 1994 trial, the prosecutors ("Philadelphia Defendants") withheld exculpatory evidence, in violation of his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution.

Upon review of the First Amended Complaint, the Court concluded that Plaintiff's claims failed to satisfy the requirements for permissive joinder under Federal Rule of Civil Procedure 20(a).  Consequently, by Order dated September 2, 2005 (Doc. 25), the Court directed Plaintiff to file a Second Amended Complaint, complying with the Federal Rules of Civil Procedure.  Plaintiff was specifically advised that his amended pleading should raise

claims arising from "a common set of operative facts" (Doc. 25 at 4), and he was

forewarned that failure to file an amended complaint that complies with the Federal Rules

of Civil Procedure would "result in the dismissal of all but the first count contained in

Plaintiff's first amended complaint, related to inadequate dental care at SCI-Smithfield."

(*Id*. at 5.)

Thereafter, Plaintiff filed another amended complaint, titled "Third Amended

Complaint" (Doc. 79), which was accepted by the Court as timely filed.  Again, the

document raised two claims that do not arise out of the same operative facts.  The first

claim related to alleged insufficient dental care arising from treatment by the prison dentist,

Amritt Kullar, from 2000-2001 (*see* Doc. 79 at 2-3), and the second claim related to alleged

improper medical care for an injury to Plaintiff's knee occurring on December 7, 2001 (*see*

*Id*. at 3, ¶ 6).  While both claims related to allegations of insufficient medical attention, they

arose from independent series of events, and the only common thread between the

incidents was the fact that they both took place at SCI-Smithfield.  Accordingly, since

Plaintiff's Third Amended Complaint (Doc. 79) did not comply with the requirements of Fed.

R. Civ. P. 20, the case proceeded on Plaintiff's claim of inadequate dental care at SCI-

Smithfield, as set forth in Count I of his first and third amended complaints.  By Order

dated September 5, 2006 (Doc. 85), the Court granted Defendants' motion to dismiss

Plaintiff's Third Amended Complaint, and the case was closed.

Currently pending is Plaintiff's Motion for a Change of Venue (Doc. 96), Plaintiff's

Motions to Stay Proceedings (Docs. 88 and 98), Plaintiff's Motion to Sever the Claims

Against the Philadelphia Defendants and Change Venue (Doc. 105), Plaintiff's Motion for

Temporary Restraining Order (Doc. 110), and Defendants' unopposed Motion for Relief

From Further Filing Obligations Regarding Plaintiff's Harassing Motion Practice (Doc. 114).

For the following reasons, Plaintiff's motions to stay proceedings will be denied, and the

remaining motions will be dismissed.

## II.     Discussion

### A.  Plaintiff's Motions to Stay Proceedings

Plaintiff has filed a Motion to Stay Proceedings under Federal Rule of Civil

Procedure 62 (b), (c), (d) and (h) as well as Rule 54 (b) (Doc. 88), and Plaintiff has filed a

second Motion to Stay Proceedings Until the Philadelphia Defendants Enter an

Appearance (Doc. 98).  Although the Court may enter a post-judgment stay of proceedings

under Rule 62, since the Philadelphia Defendants are not required to enter an appearance

in a closed case, Plaintiff's second Motion to Stay Proceedings (Doc. 98) will be denied.

Moreover, since the case was dismissed, there is no judgment to be enforced, and

Plaintiff's request for a stay under Rule 62 (b) and (h), and under Rule 54 (b) will be

denied.  Further, since there was no ruling on a claim for injunctive relief in the Court's

Order dismissing this case (Doc. 85), Plaintiff's request for relief under Rule 62 (c) will be

denied.  Finally, since there is no appeal pending, Plaintiff's request for relief under Rule 62

(d) will be denied.

### B.  Plaintiff's Motions to Change Venue and Motion for Restraining Order

Plaintiff has also filed a Motion for Change of Venue (Doc. 96), a Motion to Sever

the Claims Against the Philadelphia Defendants and for Change of Venue (Doc. 105), and

a Motion for Temporary Restraining Order (Doc. 110).  However, since this case is now

closed, the Court no longer has jurisdiction to rule on these motions, and the motions will

be dismissed.

### C.  Defendants' Motion for Relief From Further Filing Obligations

Defendants have filed a Motion for Relief From Further Filing Obligations Regarding

Plaintiff's Harassing Motion Practice (Doc. 114), in which they seek to be relieved from

further obligations to respond to Plaintiff's numerous filings.  Although the Defendants are

not obligated to respond to specious filings, and the Defendants' motion may be deemed

unopposed (*see* M. D. Pa. L. R. 7.6), the Court no longer has jurisdiction to rule on the

motion, as noted above, and the motion will be dismissed.  An appropriate Order follows.

Dated: May 21, 2007.                           /s/ A. Richard Caputo
                                               A. RICHARD CAPUTO
                                               United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID G. LUSICK,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-05-1274** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **Dr. ARMITT KULLAR, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## O R D E R

**AND NOW, THIS 21st DAY OF MAY, 2007,** in accordance with the foregoing

Memorandum, **IT IS HEREBY ORDERED THAT:**

1.  Plaintiff's Motions to Stay Proceedings (Docs. 88 and 98) are **DENIED**.

2.  Plaintiff's Motion for Change of Venue (Doc. 96), Plaintiff's Motion to Sever

    (Doc. 105), and Plaintiff's Motion for Temporary Restraining Order (Doc. 110)

    are **DISMISSED**.

3.  Defendants' Motion for Relief From Further Filing Obligations Regarding

    Plaintiff's Harassing Motion Practice (Doc. 114) is **DISMISSED**.


      /s/ A. Richard Caputo
      A. RICHARD CAPUTO
      United States District Judge